UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WEST, JR.,<br><br>        Petitioner,<br><br>    v.<br><br>BRIAN CATES,<br><br>        Respondent. | Case No.  2:21-cv-00410-KJM-JDP (HC)<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE FEDERAL CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 1 |

      Petitioner Jerry West, Jr., a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  For the reasons stated below, it plainly appears that petitioner is not entitled to relief.  I will give petitioner an opportunity to amend before recommending that the petition be dismissed.

Petitioner raises two claims.  First, he argues that the state appellate court should have remanded his case so that the trial court could exercise its discretion, under California state law, to strike a five-year prior serious felony sentencing enhancement.  ECF No. 1 at 2.  But a state court's interpretation of state sentencing laws is not reviewable by a federal habeas court.  *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990) (rejecting claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law . . . .");  *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Second, petitioner argues that the trial court violated his due process rights by imposing mandatory fees without assessing whether he had the ability to pay for them.  The Supreme Court has held that a state may not impose a fine as a sentence and then convert it into a jail term solely because of a defendant's indigency.  *Bearden v. Georgia*, 461 U.S. 660, 667-68 (1983).  But the brief attached to the petition concedes that petitioner is not incarcerated because of his indigency. ECF No. 1 at 39.  The Ninth Circuit has held that petitions that attack restitution but would not directly impact a petitioner's liberty are not cognizable on federal habeas review.  *See Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010).

I will allow petitioner to amend his petition before I recommend that it be dismissed.

It is ORDERED that:

1. Petitioner may file an amended petition within sixty days of this order's entry.  If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   April 26, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2