UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WEST, JR.,<br><br>    Petitioner,<br><br>  v.<br><br>BRIAN CATES,<br><br>    Respondent. | Case No.  2:21-cv-00410-KJM-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S MOTION TO STAY BE GRANTED<br><br>ECF No. 10 |

    Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. On April 26, 2021, I screened his petition and found that neither of the two claims presented was cognizable. ECF No. 6 at 2. I offered him a chance to file an amended petition and directed the Clerk of Court to send him a federal habeas form. *Id.* When he did not file an amended petition within the deadline, I entered an order to show cause why this action should not be dismissed for failure to prosecute. ECF No. 7. After an extension of time, petitioner submitted a document styled as both a response to my order to show cause and a request to stay this case. ECF No. 10. I find that a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), is appropriate and will grant petitioner's motion on that basis.

    The motion, though not called a petition, raises two new claims that petitioner argues are already exhausted. ECF No. 10 at 2. First, petitioner argues that the trial court violated his rights when it denied his motion for severance and forced him into a joint trial. *Id.* Second, he contends that his trial counsel was constitutionally ineffective in failing to move to suppress a witnesses'

1

1  pre-trial identification that was impermissibly suggestive. *Id.* These claims, liberally construed,
2  are cognizable.

3  Then, petitioner goes on to describe various claims that he intends to exhaust in state
4  court. *Id.* at 3-9. He does not specify whether he seeks a *Rhines* or a *Kelly* stay. I find that a
5  *Kelly* stay, which does not require a showing of good cause, is appropriate. *King v. Ryan*, 564
6  F.3d 1133, 1135 (9th Cir. 2009). A *Kelly* stay involves three steps: "(1) a petitioner amends his
7  petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended,
8  fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to
9  exhaust the deleted claims; and (3) the petitioner later amends his petition and reattaches the
10 newly-exhausted claims to the original petition." *Id.*

11 Accordingly, it is it is RECOMMENDED that:

12 1. The motion to stay, ECF No. 10, be GRANTED and petitioner be granted a *Kelly*
13 stay.

14 2. If these recommendations are adopted, petitioner be directed to: (1) file an
15 amended petition that contains only his exhausted claims, and (2) move to amend his new petition
16 once he exhausts his claims in state court.

17 These findings and recommendations are submitted to the U.S. District Court Judge
18 presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of
19 Practice for the United States District Court, Eastern District of California. Within fourteen days
20 of service of the findings and recommendations, petitioner may file written objections to the
21 findings and recommendations with the court and serve a copy on all parties. That document
22 must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The
23 District Judge will then review the findings and recommendations under 28 U.S.C.
24 § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: __May 16, 2022__  
                                         JEREMY D. PETERSON  
                                         UNITED STATES MAGISTRATE JUDGE

3