UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WEST, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN CATES,<br><br>    Respondent. | Case No. 2:21-cv-0410-DJC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

    On March 24, 2025, the court notified petitioner that his petition contained unexhausted claims and ordered him to file an amended petition within thirty days. ECF No. 19. Petitioner did not do so. Therefore, on May 29, 2025, the court ordered petitioner to show cause for why this action should not be dismissed for failure to state a claim, failure to prosecute, and failure to comply with court orders. ECF No. 20. On June 9, 2025, the court received notice that the order was returned to the court as "undeliverable, unclaimed, unable to forward." Petitioner then filed a notice of change of address and a request for status.[1] ECF No. 21. On July 29, 2025, the court issued another order directing petitioner to show cause and to file an amended petition. ECF No. 22. Petitioner has not filed an amended petition as ordered, and the time to do so has passed. Accordingly, dismissal of the action is warranted.

---

[1] The day after petitioner filed a notice of change of address, the court had the Clerk of Court re-serve the court's March 24 and May 29, 2025 orders on petitioner's new address.

1

1    The court has the inherent power to control its docket and may, in the exercise of that
2 power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,
3 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
4 comply with these Rules or with any order of the Court may be grounds for imposition by the
5 Court of any and all sanctions . . . within the inherent power of the Court.").

6    A court may dismiss an action based on a party's failure to prosecute an action, failure to
7 obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
8 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
9 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
10 complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
11 comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
12 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
13 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
14 prosecution and failure to comply with local rules).

15    In recommending that this action be dismissed for failure to comply with court orders, I
16 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
17 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
18 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
19 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

20    Here, petitioner has failed to respond to court orders directing him to file an amended
21 petition. *See* ECF No. 19, 20, 21. Therefore, the public interest in expeditious resolution of
22 litigation, the court's need to manage its docket, and the risk of prejudice to the respondent all
23 support imposition of the sanction of dismissal. Lastly, my warning to petitioner that failure to
24 obey court orders will result in dismissal satisfies the "considerations of the alternatives"
25 requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.
26 Specifically, the July 29 order expressly warned petitioner that his failure to comply with the
27 order may result in dismissal. ECF No. 22. Petitioner had adequate warning that dismissal could
28 result from his noncompliance. Accordingly, I find that the balance of factors weighs in favor of

dismissal.

Accordingly, it is hereby RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim, failure to prosecute, and failure to comply with court orders for the reasons set forth in the May 29, 2025 order.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE